IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AARON HUNGER, | ) | CIVIL 12-00549 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY OF HAWAII; JOHN DOES 1-25; JANE DOES 1-25, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

On September 5, 2013, Defendants University of Hawai`i ("the University"), Mary Rita Cooke Greenwood, Dee Uwono, and Ryan M. Akamine (collectively "Defendants") filed their Motion for Partial Dismissal ("Motion"). [Dkt. no. 50.] Plaintiff Aaron Hunger ("Plaintiff") filed his memorandum in opposition on October 8, 2013, and Defendants filed their reply on October 21, 2013. [Dkt. nos. 53, 54.] This matter came on for hearing on November 4, 2013. Appearing on behalf of Defendants were John-Anderson Meyer, Esq., and Kenneth Robbins, Esq., and appearing on behalf of Plaintiff was Eric Seitz, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiff filed this action on October 12, 2012. He filed his First Amended Complaint for Damages, Declaratory and Injunctive Relief ("First Amended Complaint") on October 31, 2012. [Dkt. no. 6.] Plaintiff is a Ph.D. candidate in the Political Science Department at the University. [First Amended Complaint at ¶ 4.] The instant case arises from Plaintiff's suspension following an incident which occurred on October 12, 2011 at the University's William S. Richardson School of Law library ("the Law Library"). After the incident, Plaintiff received a trespass warning which stated that he was forbidden from being on the University of Hawai`i at Mānoa campus for a year. [Id. at ¶ 36.] The Complaint alleges that Plaintiff attempted to respond to the disciplinary charges brought against him, but Defendant Uwono[1] informed him on November 1, 2011 that he had been summarily suspended for one year. [Id. at ¶¶ 39-40.] The First Amended Complaint alleges that Defendant Uwono and Defendant Akamine participated directly in the decision to suspend Plaintiff.[2] [Id. at ¶ 42.] The First Amended Complaint

---

[1] At the time of the suspension and at the time Plaintiff filed the First Amended Complaint, Defendant Uwono was the University's Director of Judicial Affairs. Plaintiff has sued Defendant Uwono in her official and individual capacities. [First Amended Complaint at ¶ 8.]

[2] At the time of the suspension and at the time Plaintiff filed the First Amended Complaint, Defendant Akamine was one of
(continued...)

alleges the following claims:

1) violation of Plaintiff's right to free speech pursuant to the First Amendment of the United States Constitution, incorporated by the Fourteenth Amendment, and pursuant to Article I, §§ 2, 4, and 6 of the Hawai`i State Constitution ("Count I");

2) violation of Plaintiff's right to due process pursuant to the Fourteenth Amendment of the United States Constitution and pursuant to Article I, § 5 of the Hawai`i State Constitution ("Count II");

3) a state law battery claim ("Count III");

4) a state law false arrest claim ("Count IV"); and

5) a state law negligence claim ("Count V").

In the instant Motion, Defendants seek dismissal of the following claims: the portions of Count I and Count II alleging 42 U.S.C. § 1983 claims against Defendants Greenwood, Uwono, and Akamine, in their official capacities; all claims against the University; and Count III, Count IV, and Count V against all defendants who are University employees, including Defendants Greenwood, Uwono, and Akamine, in their individual capacities. [Motion at 2.]

---

[2](...continued)
the University's Associate General Counsels.  Plaintiff has sued Defendant Akamine in his official and individual capacities.  Defendant Greenwood was the president of the University.  Plaintiff has sued Defendant Greenwood in her official capacity only.  [First Amended Complaint at ¶¶ 7,9.]  There are no allegations that Defendant Greenwood personally participated in the decision to suspend Plaintiff.

**DISCUSSION**

I. **Count I and Count II**

Although not expressly stated in the First Amended Complaint, to the extent that Count I and Count II allege violations of the First Amendment and the Fourteenth Amendment, Plaintiff brings claims under 42 U.S.C. § 1983, which is the mechanism that a plaintiff may use to seek redress for violations of the federal constitution and laws by a person or entity acting under color of state law. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Section 1983 states, in pertinent part:

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

(Emphasis added.)

### A. § 1983 Claims for Damages

It is well settled that neither a state, a state agency, nor a state official sued in his official capacity is a "person" for purposes of a § 1983 action seeking monetary damages. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). The University is an agency of the State of Hawai`i. Mukaida v. Hawai`i, 159 F. Supp. 2d 1211, 1221-22 (D. Hawai`i 2001). Further, in enacting § 1983, Congress did not abrogate the states' Eleventh Amendment immunity. See Will, 491 U.S. at 65-66. Plaintiff argues that the State of Hawai`i has waived its sovereign immunity from federal claims by accepting federal funds. [Mem. in Opp. at 4-5.]

The Ninth Circuit has recognized that, in some instances, a state waives its Eleventh Amendment immunity by receiving federal funds. Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 793 (9th Cir. 2004) (per curiam) (citing Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 820, *as amended*, 271 F.3d 910 (9th Cir. 2001) (Section 504 of the Rehabilitation Act)). Cases such as Douglas, however, merely establish that states waive their Eleventh Amendment immunity from claims asserted under an act by accepting federal funds provided under that act. See 271 F.3d at 819. In the instant case, Plaintiff does not identify, nor has this Court found, any statute or controlling case law establishing that the State of Hawai`i

waived its Eleventh Amendment immunity from § 1983 claims by accepting federal funds of any nature. See, e.g., Tapia v. Wash., Dep't of Soc. & Health Servs., No. CV-09-5100-EFS, 2010 WL 1257673, at *2 (E.D. Wash. Mar. 23, 2010) (ruling that, where the plaintiff failed "to identify the federal statute that waives a state's sovereign immunity for § 1983 claims by accepting federal funds[,] . . . the federal-funding exception [did] not apply"). Nor has Plaintiff identified any specific federal funds that the State of Hawai`i has accepted that were conditioned upon the waiver of its Eleventh Amendment immunity from § 1983 claims.

This Court therefore concludes that the State of Hawai`i has not waived its sovereign immunity from § 1983 claims for damages. This Court lacks jurisdiction over all of Plaintiff's claims alleging federal constitutional violations against the University, which is an arm of the State. See Young v. Hawai`i, 911 F. Supp. 2d 972, 983 (D. Hawai`i 2012). Thus, to the extent that Count I and Count II allege § 1983 claims for damages against the University and Defendants Greenwood, Uwono, and Akamine, in their official capacities,[3] Plaintiff fails to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009) ("To survive a motion to dismiss,

---

[3] At the hearing on the Motion, Plaintiff's counsel represented that the University and Defendant Greenwood are only named for purposes of prospective injunctive relief. This distinction, however, is not readily apparent from the text of the First Amended Complaint.

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007))). Those portions of Count I and Count II are DISMISSED WITH PREJUDICE because Plaintiff cannot cure the defects in those claims by amendment. See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (citation and quotation marks omitted)).

**B.  § 1983 Claims for Prospective Relief**

State agencies and state officials in their official capacity are considered "persons" for purposes § 1983 claims for prospective declaratory or injunctive relief. Baker v. Hawai`i, Civil No. 13-00159 LEK-KSC, 2013 WL 5563923, at *4 (D. Hawai`i Oct. 7, 2013) (citing Will, 492 U.S. at 71 n.10); Oyama v. Univ. of Hawai`i, Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *6 (D. Hawai`i Apr. 23, 2013) (some citations omitted) (citing In re Pegasus Gold Corp., 394 F.3d 1189, 1195 (9th Cir. 2005)). In addition, the Ninth Circuit has stated the following about the Ex parte Young, 209 U.S. 123 (1908), exception to the general rule that federal courts do not have jurisdiction over suits by private citizens against state governments:

> The doctrine of Ex parte Young is premised on the notion that a state can not authorize a state

officer to violate the Constitution and laws of the United States. Thus, an action by a state officer that violates federal law is not considered an action of the state and, therefore, is not shielded from suit by the state's sovereign immunity. Pennhurst [State Sch. & Hosp. v. Halderman], 465 U.S. [89,] 102, 104 S. Ct. [900,] 909[, 79 L. Ed. 2d 67 (1984)]; Ex parte Young, 209 U.S. at 159-60, 28 S. Ct. at 453-54 (The officer is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."). Therefore, a plaintiff may bring suit in federal court against a state officer accused of violating federal law. Pennhurst, 465 U.S. at 102, 104 S. Ct. at 909.

Still, there are some limitations upon Ex parte Young suits against state officers. In particular, when a plaintiff brings suit against a state official alleging a violation of federal law, the federal court may award prospective injunctive relief that governs the official's future conduct, but may not award retroactive relief that requires the payment of funds from the state treasury. Pennhurst, 465 U.S. at 102-03, 104 S. Ct. at 909; Edelman v. Jordan, 415 U.S. 651, 667-669, 94 S. Ct. 1347, 1357-59, 39 L. Ed. 2d 662 (1974) (holding that the Eleventh Amendment does not bar suit to compel future state compliance with federal standards for processing welfare applications; but rejecting an injunction ordering retroactive payment of previously owed benefits); Quern v. Jordan, 440 U.S. 332, 337, 99 S. Ct. 1139, 1143, 59 L. Ed. 2d 358 (1979) ("The distinction between that relief permissible under the doctrine of Ex parte Young and that found barred in Edelman was the difference between prospective relief on one hand and retrospective relief on the other."). Therefore, an injunction against the state officer is permitted, even if it might require substantial outlay of funds from the state treasury, provided that it does not award retroactive relief for past conduct. Edelman, 415 U.S. at 667, 94 S. Ct. at 1357-58 ("the difference between the type of relief barred by the Eleventh

>     Amendment and that permitted under <u>Ex parte Young</u> will not in many instances be that between day and night").

<u>Natural Res. Def. Council v. Cal. Dep't of Transp.</u>, 96 F.3d 420, 422 (9th Cir. 1996).

The First Amended Complaint includes the following prayer for relief:

>     1.   For a temporary, preliminary and permanent injunction enjoining and restraining the Defendants, their superiors, agents, servants, employees, successors in office, and all persons acting in concert with them from enforcing the aforementioned restrictions upon his rights to free speech and association, due process, and participation in academic affairs, <u>inter</u> <u>alia</u>, and ordering that Plaintiff be allowed to resume his studies forthwith; [and]
>
>     2.   For entry of a judgment declaring the restrictions upon him unconstitutional[.]

[First Amended Complaint at pg. 12.] Plaintiff acknowledges that, since the filing of the First Amended Complaint, he has been allowed to resume his studies at the University, but he argues that he continues to suffer negative effects of the suspension, and he argues that the requested prospective equitable relief will address those effects. [Mem. in Opp. at 5-6 (citing Decl. of Eric A. Seitz).[4]] The First Amended

---

[4] The Declaration of Eric A. Seitz ("Seitz Declaration") describes various consequences that Plaintiff has suffered as a result of his re-entry to his graduate program mid-semester. The Court, however, notes that Plaintiff himself has not submitted a declaration, and the academic consequences described in counsel's declaration do not appear to be matters of which counsel would
(continued...)

Complaint, however, does not contain any factual allegations regarding effects of Plaintiff's suspension or restrictions which he continues to suffer after the completion of his suspension. The only request for prospective injunctive relief that is properly set forth in the First Amended Complaint is Plaintiff's request for reinstatement, and the only allegedly unconstitutional restriction at the time Plaintiff filed the First Amended Complaint was his suspension.  Insofar as Plaintiff has completed his suspension and resumed his studies at the University, these requests are now moot and the First Amended Complaint does not state plausible claims for prospective declaratory or injunctive relief against the University or against Defendants Greenwood, Uwono, and Akamine, in their official capacities.  It is, however, arguably possible for Plaintiff to amend the portions of Count I and Count II alleging § 1983 claims for prospective declaratory and/or injunctive relief.[5]

---

[4](...continued)
have personal knowledge.

[5] This Court expresses no opinion at this time regarding whether the facts alleged in the Seitz Declaration would support plausible § 1983 claims for prospective declaratory and injunctive relief.  Retroactive relief for a prior violation under the guise of a prospective injunction cannot be awarded, and thus the relief sought must be prospective.  See Edelman v. Jordan, 415 U.S. 651, 667 (1974).

In amending those portions of Count I and Count II, Plaintiff must name the University official who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." See Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012) (citation omitted), *cert. denied*, 2013 WL 1841586 (Oct. 7, 2013).  Further, it is unnecessary for Plaintiff to name both the University and the state official, in his or her official capacity, who would be responsible for ensuring that the requested injunctive relief, if awarded, is carried out.  Plaintiff's § 1983 claims for injunctive relief against the University are redundant of Plaintiff's § 1983 claims for injunctive relief against Defendants Greenwood, Uwono, and Akamine, in their official capacities, because they are all essentially claims against the State of Hawai`i itself.  See Will, 491 U.S. at 71.

The portions of Count I and Count II alleging § 1983 claims for prospective injunctive and declaratory relief against the University are therefore DISMISSED WITH PREJUDICE.  The portions of Counts I and II alleging § 1983 claims for prospective injunctive and declaratory relief against Defendants Greenwood, Uwono, and Akamine, in their official capacities, are DISMISSED WITHOUT PREJUDICE.

**II.  State Law Claims**

Counts I and II allege state constitutional claims, and Plaintiff alleges state law battery, false arrest, and negligence claims.  Plaintiff alleges the state law portions of Counts I and II and the negligence claim (Count V) against all Defendants.  Plaintiff alleges the battery claim (Count III) and the false arrest claim (Count IV) against John Does 1-3.  According to the allegations in the First Amended Complaint, John Does 1-3 are University security guards who responded to the incident at the law library.  [First Amended Complaint at ¶¶ 10, 19-34.]

This district court has recognized that:

> Under the Eleventh Amendment, a state is immune from suit brought in federal court by its own citizens or citizens of other states.  Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  Unless a state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override that immunity, the state, its agencies, and its officials are immune from suit under the Eleventh Amendment for official actions or omissions.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66–67, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Hall [v. State of Hawaii], 791 F.2d [759,] 761 [(9th Cir. 1986)] ("Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law"); Shaw v. State of Cal. Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).

Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1220 (D. Hawai`i 2001).

The State of Hawai`i has not waived its Eleventh Amendment immunity from the state law claims brought in the instant case, and Plaintiff cannot cure the defects in these claims. Plaintiff's state law claims against the University and Defendants Greenwood, Uwono, and Akamine, in their official capacities are therefore DISMISSED WITH PREJUDICE.

Plaintiff has also alleged Counts I, II, and V against Defendants Uwono and Akamine, in their individual capacities,[6] and he has alleged Counts III and IV against John Doe 1-3, the unidentified University security guards. "[S]tate officials share the state's sovereign immunity against a federal suit based on state law whenever 'the relief sought and ordered has an impact directly on the State itself.'" Hall, 791 F.2d at 761 (quoting Pennhurst, 465 U.S. at 117, 104 S. Ct. at 917). That test is met in this case because, pursuant to Haw. Rev. Stat. § 304A-108(a), Plaintiff's claims against these state employees are effectively claims against the University. Section 304A-108(a) states, in pertinent part:

> Notwithstanding any other law to the contrary, **all claims arising out of the acts or omissions of the university or the members of its board of regents, its officers, or its employees,** including claims

---

[6] This Court acknowledges that Defendants did not move to dismiss the state law claims in Counts I and II against Defendants Uwono and Akamine, in their individual capacities, but this Court has addressed these claims because the analysis is the same with Count V against Defendants Uwono and Akamine, in their individual capacities.

>     permitted against the State under chapter 661,
>     part I, and claims for torts permitted against the
>     State under chapter 662, **may be brought only
>     pursuant to this section and only against the
>     university**.  However, the university shall be
>     subject to suit only in the manner provided for
>     suits against the State, including section 661-11,
>     and any liability incurred by the university in
>     such a suit shall be solely the liability of the
>     university, shall be payable solely from the
>     moneys and property of the university, and shall
>     not constitute a general obligation of the State
>     or be secured directly or indirectly by the full
>     faith and credit of the State or the general
>     credit of the State or by any revenue or taxes of
>     the State. . . .

(Emphases added.)  Defendants Uwono and Akamine, in their individual capacities, and John Does 1-3 therefore share the University's sovereign immunity.

Plaintiff cannot cure the defects in his state law claims against Defendants Uwono and Akamine, in their individual capacities, by amendment.  Plaintiff's state law claims against Defendants Uwono and Akamine, in their individual capacities, are therefore DISMISSED WITH PREJUDICE.

According to the factual allegations in the First Amended Complaint, John Does 1-3 are state employees.  It is arguably possible that the persons described as John Does 1-3 were not in fact state employees, which could alter the sovereign immunity analysis above.  Count III and Count IV against John Does 1-3 are therefore DISMISSED WITHOUT PREJUDICE.

14

### III. Summary and Leave to Amend

This Court has dismissed the following portions of Count I and Count II with prejudice:

- the § 1983 claims for damages against the University and Defendants Greenwood, Uwono, and Akamine, in their official capacities;
- the § 1983 claims for prospective injunctive and declaratory relief against the University; and
- the state constitutional claims against the University and Defendants Greenwood, Uwono, and Akamine, in their official and/or individual capacities.

This Court has also dismissed Count V with prejudice.

This Court has dismissed the following claims without prejudice:

- Count I and Count II - the portions alleging § 1983 claims for prospective injunctive and declaratory relief against Defendants Greenwood, Uwono, and Akamine, in their official capacities;
- Count III against John Does 1-3; and
- Count IV against John Does 1-3.

The Motion did not address the portions of Count I and Count II alleging § 1983 claims against Defendants Uwono and Akamine, in their individual capacities. Those claims remain as pled in the First Amended Complaint.

This Court grants Plaintiff leave to file a second amended complaint setting forth the remaining portions of Count I and Count II, as well as the claims which this Court has dismissed without prejudice, if Plaintiff can amend those claims to cure the defects identified in this Order. Plaintiff shall file his second amended complaint by **December 10, 2013**. This

15

Court emphasizes that Plaintiff does not have leave to add new parties, claims, or theories of liability, except that Plaintiff may replace Defendant Greenwood with the individual who is currently the president of the University, and Plaintiff may add factual allegations regarding relevant events that occurred after the filing of the First Amended Complaint.  If Plaintiff wishes to make other amendments, he must file a motion for leave to amend pursuant to the Rule 16 Scheduling Order.

This Court CAUTIONS Plaintiff that, if he fails to file his second amended complaint by **December 10, 2013,** or if the second amended complaint fails to address the defects identified in this order, the claims which this Court has dismissed without prejudice may be dismissed with prejudice.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion for Partial Dismissal, filed September 5, 2013, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff shall file his second amended complaint by **December 10, 2013.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 22, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AARON HUNGER VS. UNIVERSITY OF HAWAII, ET AL; CIVIL 12-00549 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**